UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cr-37-CJW |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM AND MOTION FOR** |
| KENTRISS THOMAS RHODES, | ) | **DOWNWARD VARIANCE** |
| | ) | |
| Defendant. | ) | |

COMES NOW, Defendant Kentriss Rhodes by and through his attorneys, Andrea D. Jaeger of Keegan, Tindal & Jaeger, and for his Sentencing Memorandum and Request for Variance addressing the factors to be considered in imposing Defendant's sentence under 18 U.S.C. § 3553(a), states as follows:

## A. WITNESSES AND EXHIBITS

1.     Defendant does not anticipate calling witnesses.

2.     Defendant does not anticipate exhibits beyond any letters of support.

## B. OBJECTIONS TO THE PSR AND GUIDELINES ISSUES

*Criminal history scoring of Illinois marijuana offenses sought to be expunged—¶¶ 22, 24, 38*

1.     Defendant persists in his objection to the criminal history scoring at Paragraphs 22, 24, and 38.  Defendant notes he has sought expunction of the Illinois marijuana convictions found at Paragraphs 22, 24, and 38.  Defendant suggests his criminal history scoring should be evaluated with the benefit of USSG § 4A1.2(j), which provides "Sentences for expunged convictions are not counted, but may be considered under § 4A1.3…."

2.     Although, to Defendant's knowledge, said convictions have not yet been ordered expunged, said convictions meet the requirements of the Illinois Cannabis Regulation and Tax

Act, 410 ILCS 705. Defendant has no reason to believe he will not benefit from the change in Illinois law since the time of those adjudications. Defendant respectfully requests the Court treat said adjudications with the benefit of § 4A1.2(j), particularly as application of § 4A1.2(j) will result in a change to the criminal history category of VI to V, as § 4A1.2(j) is ambiguous as to whether it applies to convictions for which expunction is pending and anticipated following a retroactive change in law. *See, e.g.*, *Ocasio v. U.S.*, 578 U.S. 282, 295 fn. 8 (2016) (rule of lenity applies when a criminal statute contains a "grievous ambiguity or uncertainty" and the court can only interpret Congressional intent based upon no more than a guess). Under the circumstances here, the issue of counting a conviction for marijuana possession, no longer illegal in the originating state and presently eligible for expunction, should be resolved in favor of the defendant. Should the Court determine the offense at Paragraphs 22, 24, and 38 should score without the benefit of application of § 4A1.2(j), Defendant states the criminal history calculation is overstated and the single scoring marijuana conviction (Paragraph 38), which no longer would result in any such adjudication under the applicable Illinois law, overstates the seriousness of his criminal history and the likelihood of recidivism. Here, Defendant scores at a final criminal history score of 13 points, qualifying him as a category VI. Without this single marijuana possession (not distribution) conviction—which would no longer result in a criminal conviction in the originating state—Defendant would qualify as a category V. There is no reason to believe, under these circumstances, that 11-year old misdemeanor marijuana possession (no longer a crime under state law) makes Defendant substantially more dangerous or substantially more likely to recidivate compared to a category V offender. Defendant respectfully requests he be treated as a category V offender as a result.

*Criminal history scoring of Driving while Barred pursuant to USSG § 4A1.2(c)(1)/variance--¶¶*
*39–40*

3.        Defendant persists in his objection to the scoring of Paragraphs 39–40 and asserts

scoring of said offenses overstates the seriousness of his criminal history and the likelihood of

recidivism.  As to each conviction for Driving While Barred in Paragraphs 39–40, Defendant's

aggravated misdemeanor conviction is akin to USSG § 4A1.2(c)(1).[1]  Defendant asserts scoring

of these paragraphs overstates the seriousness of his criminal history and the likelihood of

recidivism; should the Court vary, exclusion of these points would result in a criminal history

category V.[2]  Although scored here, nothing concerning this 11-year old misdemeanor driving

status offense reflects a likelihood of higher recidivism or increased dangerousness.

## C.  DEFENDANT'S CHARACTERISTICS AND "NEEDS" OF THE SENTENCE IMPOSED

4.        Defendant respectfully suggests lengthy incarceration is not necessary to promote

respect for the law, to afford adequate deterrence, or to protect the public.   18 U.S.C. §

3553(a)(2)(A)–(C).  Defendant has accepted responsibility in this matter, illustrating Defendant's

genuine remorse for his conduct, his amenability to rehabilitation, his acceptance of the

consequences of his behavior, and his willingness to avoid the expense of trial despite his

constitutional right to do so.  The sentencing goal of specific deterrence is met:  Defendant's

current and anticipated incarceration are sufficient to deter his conduct.  General deterrence, too,

is met, as other members of the public can observe the consequences of federal charging,

conviction, and sentencing, particularly given Defendant's speedy arrest following his prior

---

[1] Under the circumstances of application of § 4A1.2(c)(1), the comparable driving status offenses in the form of Iowa simple misdemeanor or Iowa serious misdemeanor offenses would not score.

[2] Defendant would then score as a criminal history category V regardless of the Court's determination of the Illinois marijuana conviction scoring.

release.  Moreover, the sentencing goal of general deterrence is met by illustrating the reward which befalls those who accept the consequences of their actions, learn from their actions, and take rehabilitative and remorseful action to demonstrate their willingness and amenability to moving forward in a pro-social and law-abiding fashion.  Further lengthy incarceration is not necessary to promote these goals of sentencing.

5.      Rehabilitation is likely and should be a primary goal in determining an appropriate disposition.  18 U.S.C. § 3553(a)(2)(B)–(C).  Despite a "rough" childhood during which time Defendant's mother suffered from addiction and was not available to care for Defendant, and Defendant was eventually "hopeless and homeless" by the age of 16, PSR ¶ 81, Defendant hopes to be able to rebuild the relationship with his own children, PSR ¶ 83.  Defendant also has suffered from substantial substance abuse, including through recent times.  PSR ¶¶ 89–95.  However, Defendant has completed the RDAP program and the TDAT program.  PSR ¶ 95.  Continued treatment and rehabilitation is available and is an appropriate goal for Defendant's continued rehabilitation.  Defendant also has made substantial progress in his formal education.  Previously, Defendant had completed the 6th grade.  PSR ¶ 96.  While incarcerated, Defendant enrolled in GED programming and passed three GED tests; one additional test is required to complete his GED.  PSR ¶ 97.  This Defendant will be able to complete during his period of incarceration.  Defendant also has usable skills and special skills available to him, which will prove useful in earning gainful employment.  PSR ¶ 98–99.

6.      Also appropriate for the Court's consideration is the circumstances of the offense.  Understandably, the Government will likely note Defendant's initial related arrest occurred not long after Defendant began his term of supervised release.  However, also noteworthy is the quantity of powder (not ice) cocaine involved in this matter.  In total, the offense involves 5.18

grams of powder cocaine, which itself was spread over three transactions. Approximately five grams is not the substantial quantities typically involved in federal prosecutions. While powder cocaine is not an insignificant substance, and Defendant does not minimize his actions and the consequences thereof, the offense does not present other aggravating circumstances commonly involved in federal prosecutions, such as the quality of dangerousness of other substances such as fentanyl or ice methamphetamine, escalating danger levels of firearms or shootings, or direct harm such as overdoses or deaths. Moreover, Defendant's three cocaine transactions occurred at the same time period during which Defendant was himself using cocaine. PSR ¶ 91.

7.      Taken together, Defendant suggests these considerations suggest a sentence below the advisory Guidelines is sufficient to do justice and meet the goals of sentencing.

## D. CONCLUSION

WHEREFORE Defendant respectfully requests he be sentenced in accordance with the foregoing.

Respectfully submitted,


/s/ Andrea D. Jaeger
Andrea D. Jaeger
Keegan, Tindal & Jaeger
2322 E. Kimberly Rd., Ste. 140S
Davenport, IA 52807
Telephone: (319) 887-6900/563-355-6060
Facsimile: (319) 688-2754/563-355-6666
Email: andrea@keeganlegal.com

**ATTORNEYS FOR DEFENDANT**

## Certificate of Service

The undersigned certifies that the foregoing instrument was electronically filed on March 5, 2025, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to the above cause and to each of the attorneys of record herein at their respective addresses disclosed on the pleadings.

*/s/ Andrea D. Jaeger*